IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Marmon Foodservice Technologies, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Duke Manufacturing Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, for its Complaint, alleges as follows:

THE PARTIES

1.     Plaintiff, Marmon Foodservice Technologies, Inc. ("Marmon"), is a Minnesota corporation having a principal place of business at 355 Kehoe Blvd., Carol Stream, IL 60188.

2.     On information and belief, defendant Duke Manufacturing Co. ("Duke") is a Missouri corporation having a place of business at 2224 N. Tenth St., St. Louis, MO 63102.

JURISDICTION AND VENUE

3.     This is a civil action for patent infringement arising under the patent laws of the United States, United States Code, Title 35 including, without limitation, Sections 271, 281, 283, 284, 285, and 289, and subject matter jurisdiction of this court is conferred by United States Code, Title 28, Section 1338(a).

4.     This Court has personal jurisdiction over defendant Duke because Duke is a Missouri corporation and because Duke conducts continuous and systematic business within

Missouri and within this district from its principal place of business in St. Louis, Missouri, and has committed infringing acts within Missouri and within this district.

5.      Venue is proper in this district under 28 U.S.C. §1400(b) because defendant Duke is a Missouri corporation and therefore resides in Missouri, and because Duke has committed acts of infringement and has a regular and established place of business in this district.

<u>STATEMENT OF FACTS</u>

6.      Plaintiff repeats and re-alleges each and every allegation of the paragraphs above as though fully set forth herein.

7.      Marmon is the lawful owner of United States Patent No. 9,976,750, entitled "Multi-Zone Food Holding Bin" ("the '750 patent").

8.      The '750 patent has been duly examined and issued by the United States Patent and Trademark Office ("USPTO").

9.      A true and correct copy of the '750 patent is attached as Exhibit A.

10.     Marmon is the lawful owner of United States Patent No. 9,980,322, entitled "Multi-Zone Food Holding Bin" ("the '322 patent").

11.     The '322 patent has been duly examined and issued by the USPTO.

12.     A true and correct copy of the '322 patent is attached as Exhibit B.

13.     Marmon is the lawful owner of United States Patent No. 10,492,641, entitled "Multi-Zone Food Holding Bin" ("the '641 patent").

14.     The '641 patent has been duly examined and issued by the USPTO.

15.     A true and correct copy of the '641 patent is attached as Exhibit C.

16.     Marmon is the lawful owner of United States Patent No. 10,512,363, entitled "Multi-Zone Food Holding Bin" ("the '363 patent").

17.     The '363 patent has been duly examined and issued by the USPTO.

18.     A true and correct copy of the '363 patent is attached as Exhibit D.

19.     Marmon is the lawful owner of United States Patent No. 10,841,981, entitled "Multi-Zone Food Holding Bin" ("the '981 patent").

20.     The '981 patent has been duly examined and issued by the USPTO.

21.     A true and correct copy of the '981 patent is attached as Exhibit E.

22.     Marmon is the lawful owner of United States Patent No. 10,852,002, entitled "Multi-Zone Food Holding Bin" ("the '002 patent").

23.     The '002 patent has been duly examined and issued by the USPTO.

24.     A true and correct copy of the '002 patent is attached as Exhibit F.

25.     Marmon is the lawful owner of United States Patent No. 11,771,264, entitled "Multi-Zone Food Holding Bin" ("the '264 patent").

26.     The '264 patent has been duly examined and issued by the USPTO.

27.     A true and correct copy of the '264 patent is attached as Exhibit G.

28.     Marmon is the lawful owner of United States Design Patent No. D1,020,455, entitled "Food Holding Bin" ("the D'455 patent").

29.     The D'455 patent has been duly examined and issued by the USPTO.

30.     A true and correct copy of the D'455 patent is attached as Exhibit H.

31.     Marmon is the lawful owner of United States Design Patent No. D1,064,814, entitled "Food Holding Bin" ("the D'814 patent").

32.     The D'814 patent has been duly examined and issued by the USPTO.

33.     A true and correct copy of the D'814 patent is attached as Exhibit I.

34.     As the owner of the '750 patent, the '322 patent, the '641 patent, the '363 patent, the '981 patent, the '002 patent, and the '264 patent (collectively, the "Marmon Patents"), Marmon is authorized and has standing to bring legal action to enforce all rights arising under the Marmon Patents.

35.     As the owner of the D'814 patent and the D'455 patent (collectively, the "Marmon Design Patents"), Marmon is authorized and has standing to bring legal action to enforce all rights arising under the Marmon Design Patents.

36.     Marmon is a leading manufacturer of equipment used by foodservice operators to make, hold, and serve meals, snacks and drinks.

37.     Marmon and its predecessor Prince Castle have supplied food holding equipment to Burger King since the late 1990s.

38.     Duke supplied and continues to supply food holding equipment to Burger King.

39.     In 2014, Burger King and Tim Hortons merged to form Restaurant Brands International (RBI).

40.     In 2015, Marmon predecessor Prince Castle introduced its next generation food holding oven, later designated as the Extended Holding Bin (EHB) product.

41.     Marmon's EHB product featured innovative technology including independently controllable temperature zones to enhance holding times and product quality for Burger King / RBI and other customers.

42.     An exemplary model of a Marmon EHB holding bin (the EHB24 configuration, representing two rows each having four bays in two zones) is shown below:



**EHB24**

43.    On information and belief, in 2016 Duke launched its HS2 line of holding bins.

44.    An exemplary model of a Duke HS2 holding bin (the HS2-24 configuration, representing two rows each having four bays in two zones) is shown below:



45.    The Duke HS2 holding bin was a "copy cat" of the Marmon EHB holding bin, introduced after Marmon gained market share with the EHB product with multi-zone holding bin technology.

46.    Like Marmon's EHB product, the Duke HS2 included independently controllable temperature zones to enhance holding times and product quality for Burger King / RBI and other customers.

47.    On information and belief, Duke introduced its ReadyFlex holding bin in 2023.

48.    An exemplary model of a Duke ReadyFlex holding bin (the RFHU-23 configuration, representing two rows each having three bays in two zones) is shown below:



49.    Like Marmon's EHB product and Duke HS2 product, the Duke ReadyFlex included independently controllable temperature zones to enhance holding times and product quality.

50.    As shown in the claim chart attached as Exhibit J, the Duke HS2 (configurations HS2-23, HS2-24, and HS2-34) practices at least claim 1 of the '750 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the '750 patent.

51.    As shown in the claim chart attached as Exhibit K, the Duke ReadyFlex (configurations RFHU-23, RFHU-24, and RFHU-34) practices at least claim 1 of the '750 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke ReadyFlex products infringes the '750 patent.

52.    As shown in the claim chart attached as Exhibit L, the Duke HS2 (configurations HS2-23, HS2-24, and HS2-34) practices at least claim 1 of the '322 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the '322 patent.

53.    As shown in the claim chart attached as Exhibit M, the Duke ReadyFlex (configurations RFHU-23, RFHU-24, and RFHU-34) practices at least claim 1 of the '322 patent

and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke ReadyFlex products infringes the '322 patent.

54.     As shown in the claim chart attached as Exhibit N, the Duke HS2 (configurations HS2-23, HS2-24, and HS2-34) practices at least claim 1 of the '641 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the '641 patent.

55.     As shown in the claim chart attached as Exhibit O, the Duke ReadyFlex (configurations RFHU-23, RFHU-24, and RFHU-34) practices at least claim 1 of the '641 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke ReadyFlex products infringes the '641 patent.

56.     As shown in the claim chart attached as Exhibit P, the Duke HS2 (configurations HS2-24 and HS2-34) practices at least claim 1 of the '363 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the '363 patent.

57.     As shown in the claim chart attached as Exhibit Q, the Duke ReadyFlex (configurations RFHU-24 and RFHU-34) practices at least claim 1 of the '363 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke ReadyFlex products infringes the '363 patent.

58.     As shown in the claim chart attached as Exhibit R, the Duke HS2 (configurations HS2-23, HS2-24, and HS2-34) practices at least claim 27 of the '981 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the '981 patent.

59.     As shown in the claim chart attached as Exhibit S, the Duke ReadyFlex (configurations RFHU-23, RFHU-24, and RFHU-34) practices at least claim 27 of the '981 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke ReadyFlex products infringes the '981 patent.

60.     As shown in the claim chart attached as Exhibit T, the Duke HS2 (configurations HS2-23, HS2-24, and HS2-34) practices at least claim 14 of the '002 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the '002 patent.

61.     As shown in the claim chart attached as Exhibit U, the Duke ReadyFlex (configurations RFHU-23, RFHU-24, and RFHU-34) practices at least claim 14 of the '002 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke ReadyFlex products infringes the '002 patent.

62.     As shown in the claim chart attached as Exhibit V, using the Duke HS2 (configurations HS2-23, HS2-24, and HS2-34) practices at least claim 1 of the '264 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the '264 patent.

63.     As shown in the claim chart attached as Exhibit W, using the Duke ReadyFlex (configurations RFHU-23, RFHU-24, and RFHU-34) practices at least claim 1 of the '264 patent and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke ReadyFlex products infringes the '264 patent.

64.     The D'455 patent claims the ornamental design for a food holding bin, as illustrated and described.

65.     Figures 1 – 7 of the D'455 patent illustrate and claim a food holding bin.

66.    Exemplary Figure 1 of the D'455 patent is shown below:



FIG. 1

67.    The D'814 patent claims the ornamental design for a food holding bin, as illustrated and described.

68.    Figures 8 – 14 of the D'814 patent illustrate and claim a second embodiment of a food holding bin.

69.    Exemplary Figure 8 of the D'814 patent is shown below:



70.    An exemplary model of a Duke HS2 holding bin (the HS2-24 configuration, representing two rows each having four bays in two zones) is shown below in a drawing from Duke's product literature, in a perspective view:



71.    As demonstrated at least through comparison of Figure 1 of the D'455 patent and the perspective depiction of the Duke HS2 above and the photograph of the Duke HS2 above, an ordinary observer, giving such attention as a purchaser usually gives, would perceive the design of the Duke HS2 to be at least substantially the same as the design of the D'455 patent because

the resemblance is such as to deceive such an observer, inducing the observer to purchase one supposing it to be the other and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the D'455 patent.

72.    As demonstrated at least through comparison of Figure 8 of the D'814 patent and the perspective depiction of the Duke HS2 above and the photograph of the Duke HS2 above, an ordinary observer, giving such attention as a purchaser usually gives, would perceive the design of the Duke HS2 to be at least substantially the same as the design of the D'814 patent because the resemblance is such as to deceive such an observer, inducing the observer to purchase one supposing it to be the other and, accordingly, making, using, selling, offering for sale, and/or importing into the United States such Duke HS2 products infringes the D'814 patent.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,976,750

73.    Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

74.    Defendant Duke infringed, and is currently infringing, the '750 patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products.

75.    Defendant Duke has actively induced infringement, and is currently actively inducing infringement, of the '750 patent, in violation of 35 U.S.C. § 271(b), by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to make, use, sell, offer for sale, and/or import into the United States the HS2 and ReadyFlex holding bin products.

76.    Defendant Duke has contributed to infringement, and is currently contributing to infringement, of the '750 patent, in violation of 35 U.S.C. § 271(c), by selling and/or offering to

sell and/or importing into the United States, without license or authority, the HS2 and ReadyFlex holding bin products.

77.    The HS2 and ReadyFlex holding bin products constitute a material part of performing at least claim 1 of the '750 patent, are especially made or especially adapted for use in an infringement of at least claim 1 of the '750 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

78.    On information and belief, Defendant is aware of the '750 patent.

79.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products infringes the '750 patent.

80.    On information and belief, Defendant specifically intended and intends to induce infringement of the '750 patent and knew and knows it induced acts that constitute infringement of the '750 patent.

81.    Defendant engaged in the foregoing conduct with respect to the '750 patent during the term of the patent and without authority from plaintiff Marmon.

82.    Defendant's infringement of one or more claims of the '750 patent has been and will continue to be willful, deliberate and intentional.

83.    As a direct and proximate result of Defendant's infringement of one or more claims of the '750 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the '750 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,980,322

84.    Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

85.    Defendant Duke infringed, and is currently infringing, the '322 patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products.

86.    Defendant Duke has actively induced infringement, and is currently actively inducing infringement, of the '322 patent, in violation of 35 U.S.C. § 271(b), by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to make, use, sell, offer for sale, and/or import into the United States the HS2 and ReadyFlex holding bin products.

87.    Defendant Duke has contributed to infringement, and is currently contributing to infringement, of the '322 patent, in violation of 35 U.S.C. § 271(c), by selling and/or offering to sell and/or importing into the United States, without license or authority, the HS2 and ReadyFlex holding bin products.

88.    The HS2 and ReadyFlex holding bin products constitute a material part of performing at least claim 1 of the '322 patent, are especially made or especially adapted for use in an infringement of at least claim 1 of the '322 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

89.    On information and belief, Defendant is aware of the '322 patent.

90.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products infringes the '322 patent.

91.     On information and belief, Defendant specifically intended and intends to induce infringement of the '322 patent and knew and knows it induced acts that constitute infringement of the '322 patent.

92.     Defendant engaged in the foregoing conduct with respect to the '322 patent during the term of the patent and without authority from plaintiff Marmon.

93.     Defendant's infringement of one or more claims of the '322 patent has been and will continue to be willful, deliberate and intentional.

94.     As a direct and proximate result of Defendant's infringement of one or more claims of the '322 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the '322 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,492,641

95.     Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

96.     Defendant Duke infringed, and is currently infringing, the '641 patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products.

97.     Defendant Duke has actively induced infringement, and is currently actively inducing infringement, of the '641 patent, in violation of 35 U.S.C. § 271(b), by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to make, use, sell, offer for sale, and/or import into the United States the HS2 and ReadyFlex holding bin products.

98.    Defendant Duke has contributed to infringement, and is currently contributing to infringement, of the '641 patent, in violation of 35 U.S.C. § 271(c), by selling and/or offering to sell and/or importing into the United States, without license or authority, the HS2 and ReadyFlex holding bin products.

99.    The HS2 and ReadyFlex holding bin products constitute a material part of performing at least claim 1 of the '641 patent, are especially made or especially adapted for use in an infringement of at least claim 1 of the '641 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

100.    On information and belief, Defendant is aware of the '641 patent.

101.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products infringes the '641 patent.

102.    On information and belief, Defendant specifically intended and intends to induce infringement of the '641 patent and knew and knows it induced acts that constitute infringement of the '641 patent.

103.    Defendant engaged in the foregoing conduct with respect to the '641 patent during the term of the patent and without authority from plaintiff Marmon.

104.    Defendant's infringement of one or more claims of the '641 patent has been and will continue to be willful, deliberate and intentional.

105.    As a direct and proximate result of Defendant's infringement of one or more claims of the '641 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the '641 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 10,512,363**

106.    Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

107.    Defendant Duke infringed, and is currently infringing, the '363 patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products.

108.    Defendant Duke has actively induced infringement, and is currently actively inducing infringement, of the '363 patent, in violation of 35 U.S.C. § 271(b), by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to make, use, sell, offer for sale, and/or import into the United States the HS2 and ReadyFlex holding bin products.

109.    Defendant Duke has contributed to infringement, and is currently contributing to infringement, of the '363 patent, in violation of 35 U.S.C. § 271(c), by selling and/or offering to sell and/or importing into the United States, without license or authority, the HS2 and ReadyFlex holding bin products.

110.    The HS2 and ReadyFlex holding bin products constitute a material part of performing at least claim 1 of the '363 patent, are especially made or especially adapted for use in an infringement of at least claim 1 of the '363 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

111.    On information and belief, Defendant is aware of the '363 patent.

112.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products infringes the '363 patent.

113.    On information and belief, Defendant specifically intended and intends to induce infringement of the '363 patent and knew and knows it induced acts that constitute infringement of the '363 patent.

114.    Defendant engaged in the foregoing conduct with respect to the '363 patent during the term of the patent and without authority from plaintiff Marmon.

115.    Defendant's infringement of one or more claims of the '363 patent has been and will continue to be willful, deliberate and intentional.

116.    As a direct and proximate result of Defendant's infringement of one or more claims of the '363 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the '363 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,841,981

117.    Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

118.    Defendant Duke infringed, and is currently infringing, the '981 patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products.

119.    Defendant Duke has actively induced infringement, and is currently actively inducing infringement, of the '981 patent, in violation of 35 U.S.C. § 271(b), by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to make, use, sell, offer for sale, and/or import into the United States the HS2 and ReadyFlex holding bin products.

120.    Defendant Duke has contributed to infringement, and is currently contributing to infringement, of the '981 patent, in violation of 35 U.S.C. § 271(c), by selling and/or offering to sell and/or importing into the United States, without license or authority, the HS2 and ReadyFlex holding bin products.

121.    The HS2 and ReadyFlex holding bin products constitute a material part of performing at least claim 27 of the '981 patent, are especially made or especially adapted for use in an infringement of at least claim 27 of the '981 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

122.    On information and belief, Defendant is aware of the '981 patent.

123.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products infringes the '981 patent.

124.    On information and belief, Defendant specifically intended and intends to induce infringement of the '981 patent and knew and knows it induced acts that constitute infringement of the '981 patent.

125.    Defendant engaged in the foregoing conduct with respect to the '981 patent during the term of the patent and without authority from plaintiff Marmon.

126.    Defendant's infringement of one or more claims of the '981 patent has been and will continue to be willful, deliberate and intentional.

127.    As a direct and proximate result of Defendant's infringement of one or more claims of the '981 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the '981 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 10,852,002

128.    Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

129.    Defendant Duke infringed, and is currently infringing, the '002 patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products.

130.    Defendant Duke has actively induced infringement, and is currently actively inducing infringement, of the '002 patent, in violation of 35 U.S.C. § 271(b), by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to make, use, sell, offer for sale, and/or import into the United States the HS2 and ReadyFlex holding bin products.

131.    Defendant Duke has contributed to infringement, and is currently contributing to infringement, of the '002 patent, in violation of 35 U.S.C. § 271(c), by selling and/or offering to sell and/or importing into the United States, without license or authority, the HS2 and ReadyFlex holding bin products.

132.    The HS2 and ReadyFlex holding bin products constitute a material part of performing at least claim 14 of the '002 patent, are especially made or especially adapted for use in an infringement of at least claim 14 of the '002 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

133.    On information and belief, Defendant is aware of the '002 patent.

134.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products infringes the '002 patent.

135.    On information and belief, Defendant specifically intended and intends to induce infringement of the '002 patent and knew and knows it induced acts that constitute infringement of the '002 patent.

136.    Defendant engaged in the foregoing conduct with respect to the '002 patent during the term of the patent and without authority from plaintiff Marmon.

137.    Defendant's infringement of one or more claims of the '002 patent has been and will continue to be willful, deliberate and intentional.

138.    As a direct and proximate result of Defendant's infringement of one or more claims of the '002 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the '002 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

**COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 11,771,264**

139.    Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

140.    Defendant Duke infringed, and is currently infringing, the '264 patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products.

141.    Defendant Duke has actively induced infringement, and is currently actively inducing infringement, of the '264 patent, in violation of 35 U.S.C. § 271(b), by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to make, use, sell, offer for sale, and/or import into the United States the HS2 and ReadyFlex holding bin products.

142.    Defendant Duke has contributed to infringement, and is currently contributing to infringement, of the '264 patent, in violation of 35 U.S.C. § 271(c), by selling and/or offering to sell and/or importing into the United States, without license or authority, the HS2 and ReadyFlex holding bin products.

143.    The HS2 and ReadyFlex holding bin products constitute a material part of performing at least claim 1 of the '264 patent, are especially made or especially adapted for use in an infringement of at least claim 1 of the '264 patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

144.    On information and belief, Defendant is aware of the '264 patent.

145.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products infringes the '264 patent.

146.    On information and belief, Defendant specifically intended and intends to induce infringement of the '264 patent and knew and knows it induced acts that constitute infringement of the '264 patent.

147.    Defendant engaged in the foregoing conduct with respect to the '264 patent during the term of the patent and without authority from plaintiff Marmon.

148.    Defendant's infringement of one or more claims of the '264 patent has been and will continue to be willful, deliberate and intentional.

149.    As a direct and proximate result of Defendant's infringement of one or more claims of the '264 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the '264 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

## COUNT VIII – INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,020,455

150.    Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

151.    Defendant Duke infringed, and is currently infringing, the D'455 patent, in violation of 35 U.S.C. § 271(a) and § 289 by making, using, selling, offering for sale, and/or importing into the United States the HS2 holding bin products.

152.    On information and belief, Defendant is aware of the D'455 patent.

153.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 holding bin products infringes the D'455 patent.

154.    Defendant engaged in the foregoing conduct with respect to the D'455 patent during the term of the patent and without authority from plaintiff Marmon.

155.    Defendant's infringement of the D'455 patent has been and will continue to be willful, deliberate and intentional.

156.    As a direct and proximate result of Defendant's infringement of one or more claims of the D'455 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the D'455 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

## COUNT IX – INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,064,814

157.    Plaintiff Marmon repeats and re-alleges each and every allegation of paragraphs 1-72 above as though fully set forth herein.

158.    Defendant Duke infringed, and is currently infringing, the D'814 patent, in violation of 35 U.S.C. § 271(a) and § 289 by making, using, selling, offering for sale, and/or importing into the United States the HS2 holding bin products.

159.    On information and belief, Defendant is aware of the D'814 patent.

160.    On information and belief, Defendant is aware that making, using, selling, offering for sale, and/or importing into the United States the HS2 holding bin products infringes the D'814 patent.

161.    Defendant engaged in the foregoing conduct with respect to the D'814 patent during the term of the patent and without authority from plaintiff Marmon.

162.    Defendant's infringement of the D'814 patent has been and will continue to be willful, deliberate and intentional.

163.    As a direct and proximate result of Defendant's infringement of one or more claims of the D'814 patent, plaintiff Marmon has been and will continue to be irreparably damaged and deprived of its rights in the D'814 patent in amounts not yet determined, and for which plaintiff Marmon is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Marmon prays for a judgment that:

A.      Defendant Duke has infringed each of the Marmon Patents and the Marmon Design Patents;

B.      Duke's infringement of the Marmon Patents and the Marmon Design Patents is willful;

C.      Duke, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Duke, be permanently enjoined from infringement of the Marmon Patents and the Marmon Design Patents under 35 U.S.C. § 283;

D.      Plaintiff be awarded all damages adequate to compensate plaintiff for Duke's infringement of the Marmon Patents, and such damages be trebled under 35 U.S.C. § 284 and awarded to plaintiff, with pre-judgment and post-judgment interest as allowed by law;

E.      Plaintiff be awarded all damages adequate to compensate plaintiff for Duke's infringement of the Marmon Design Patents, and/or, at Plaintiff's election, be awarded Duke's total profits as a result of Duke's infringement of the Marmon Design Patents, under 35 U.S.C. § 289, and such awards be trebled under 35 U.S.C. § 284 and awarded to plaintiff, with pre-judgment and post-judgment interest as allowed by law.

F.      This case be adjudged an exceptional case under 35 U.S.C. § 285, and plaintiff be awarded attorneys' fees, expert witness fees, costs, and all expenses incurred in this action, with interest;

G.      Plaintiff be awarded all actual and compensatory damages; and

H.     Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Marmon demands a trial by jury on all issues triable by jury.

Respectfully submitted,

Date: October 3, 2025          /s/ *Alan H. Norman*
                               Alan H. Norman, 38555MO
                               Matthew A. Braunel, 50711MO
                               Alex D. Weidner, 72189MO
                               THOMPSON COBURN LLP
                               One US Bank Plaza
                               St. Louis, MO 63101
                               T: (314) 552-6000
                               F: (314) 552-7000
                               anorman@thompsoncoburn.com
                               mbraunel@thompsoncoburn.com
                               aweidner@thompsoncoburn.com

                               Of counsel, *pro hac vice* applications to be filed

                               Christopher R. Liro (Wis. Bar No. 1089843)
                               chris.liro@andruslaw.com
                               Aaron T. Olejniczak (Wis. Bar No. 1034997)
                               aarono@andruslaw.com
                               Andrus Intellectual Property Law, LLP
                               790 North Water Street, Suite 2200
                               Milwaukee, WI 53202
                               Phone: (414) 271-7590

                               *Attorneys for Plaintiff*
                               *Marmon Foodservice Technologies, Inc.*