UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARMON FOODSERVICE TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-CV-1491-ZMB |
| DUKE MANUFACTURING CO., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Duke Manufacturing's Motion to Partially Dismiss the Complaint. Doc. 24. Because Plaintiff Marmon Foodservice Technologies has not established prior knowledge of the relevant patents, the Complaint fails to state a claim for induced, contributory, and willful theories of patent infringement. But Marmon has pled a facially plausible design patent infringement claim, so Counts VIII and IX survive at this stage. As such, the Court grants in part and denies in part the motion for partial dismissal.

**BACKGROUND**

**I. Factual Background**[1]

Marmon is a leading manufacturer of foodservice equipment, supplying major restaurant chains like Burger King. Doc. 1 ¶¶ 36–37, 39, 41. Duke is a competitor that sells to some of the same customers. *Id.* ¶ 38. In 2015, Marmon's predecessor introduced a new food-holding oven product known as the "Extended Holding Bin" (EHB). *Id.* ¶ 40. The EHB product features "innovative technology" that allows foodservice providers to "enhance holding times and product quality" through "independently controllable temperature zones." *Id.* ¶ 41.

[1] As required at this stage, the Court accepts as true the well-pled facts from the Complaint. *See* Doc. 1; *infra* at 3–4.

In 2016, after Marmon gained market share with its multi-zone technology, Duke launched a "copycat product." *Id.* ¶¶ 43, 45. Like Marmon's EHB product, Duke's HS2 holding bin has independently controllable temperature zones that enhance holding times and product quality. *Id.* ¶ 46. Duke later introduced the ReadyFlex holding bin, which boasts the same features. *Id.* ¶¶ 47–49. Between these two products, Marmon claims that Duke infringed on seven utility patents and two design patents it owns for food-holdings bins. *Id.* ¶¶ 7–33 (detailing relevant patents).

## II. Procedural Background

Marmon brought this action in October 2025, asserting nine counts for the infringement of these patents. *Id.* ¶¶ 73–163. The utility patent infringement counts advance three distinct claims for violations of 35 U.S.C. § 271(a), (b), and (c). *Id.* ¶¶ 73–149. Likewise, the design patent infringement counts assert two distinct claims for violations of 35 U.S.C. §§ 271(a) and 289. *Id.* ¶¶ 150–163. All counts assert willful infringement, *id.* ¶¶ 82–162, and Marmon also seeks injunctive relief, treble damages, interest, and attorney's fees and costs. *Id.* at 24–25.

Duke moved to partially dismiss the Complaint. Doc. 24. Specifically, Duke targets the section 271(b)–(c) claims in Counts I–VII, the willful infringement claims, and Counts VIII and IX in their entirety, arguing that those claims rely on conclusory statements or fail as a matter of law. *Id.* Marmon opposed dismissal, and after Duke replied, the motion is ripe for review. Docs. 30, 32.

## LEGAL STANDARD

"Federal Circuit law governs questions of patent law, while the law of the regional circuit applies to procedural questions that are not specific to patent law." *Furminator v. Ontel Prods. Corp.*, 246 F.R.D. 579, 583 (E.D. Mo. 2007) (citing *Madey v. Duke Univ.*, 307 F.3d 1351, 1358 (Fed. Cir. 2002)); *see also Fair Isaac Corp. v. Fed. Ins. Co.*, 763 F. Supp. 3d 800, 805 n.5 (D. Minn. 2025) (same). The general standard for dismissal under Rule 12(b)(6) is "a matter of procedure" that calls for the application of regional circuit precedent. *Deere & Co. v. Kinze Mfg.*, 2023 WL 9472300, at *5 (S.D. Iowa May 1, 2023) (citing *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1334 (Fed. Cir. 2003)). However, "the specific question of whether a complaint states a claim of patent infringement" is governed by Federal Circuit law. *AlexSam v. Aetna*, 119 F.4th 27, 35 (Fed. Cir. 2024).

## I. Motions to Dismiss for Failure to State a Claim in the Eighth Circuit

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## II. Patent Infringement Pleading Standard in the Federal Circuit

To survive a motion to dismiss a patent-infringement claim, a complaint must allege facts "that, when taken as true, articulate why it is plausible that the accused product infringes the patent." *Coop. Ent. v. Kollective Tech.*, 2025 WL 3640606, at *2 (Fed. Cir. Dec. 16, 2025) (citations omitted). It is well established that infringement claims are subject to dismissal under Rule 12(b)(6) "where, as a matter of law, the court finds that no reasonable fact-finder could find infringement." *MSA Prods. v. Nifty Home Prods.*, 883 F. Supp. 2d 535, 540 (D.N.J. 2012) (collecting cases). Indeed, the Federal Circuit has repeatedly affirmed dismissal where the "infringement claims were facially implausible." *Colida v. Nokia*, 347 F. App'x 568, 570 (Fed. Cir. 2009); *see also Curver Luxembourg, SARL v. Home Expressions*, 938 F.3d 1334, 1336 (Fed. Cir. 2019) (same). But "to the extent that factual questions are raised and are material to the result, dismissal is improper unless there is no reasonable view of the facts which could support the claim." *CLogic v. United States*, 170 Fed. Cl. 450, 458 (2024) (citing *Advanced Cardiovascular Sys. v. Scimed Life Sys.*, 988 F.2d 1157, 1161 (Fed. Cir. 1993)). In other words, "[t]here is no requirement for [a plaintiff] to prove its case at the pleading stage." *Lifetime Indus. v. Trim-Lok*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quotation omitted).

## DISCUSSION

Duke argues that Marmon has failed to state a claim for induced, contributory, and willful patent infringement and that judicially noticeable facts undermine its design infringement claims as a matter of law.[2] Duke is correct as to the first point—because Marmon has failed to allege facts from which it can be plausibly inferred that Duke knew about the relevant patents, the claims for induced, contributory, and willful infringement all fail. However, Marmon has alleged facially plausible design infringement claims, so those counts survive the motion to dismiss.

---

[2] Duke asks the Court to dismiss a series of paragraphs corresponding to these claims. Doc. 24 at 1. While the claims themselves are properly before the Court, a Rule 12(b)(6) motion is the wrong vehicle to excise specific allegations. *See My Pillow, Inc. v. LMP Worldwide*, 2019 WL 6727298, at *6 (D. Minn. Dec. 11, 2019) ("A motion to strike under Rule 12(f) is the proper means to seek the removal of specific allegations from a pleading, rather than a motion to dismiss under Rule 12(b)(6), which applies to the dismissal of entire claims."); *see also BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims."). The same is true for categories of damages. *See R. L. Mlazgar Assocs. v. Focal Point*, 2024 WL 4544097, at *8 (D. Minn. June 4, 2024) ("Damages are a form of relief and thus not a claim subject to a Rule 12(b)(6) motion to dismiss.").

## I. Induced, Contributory, and Willful Infringement

The parties agree that, for an induced infringement claim to survive a motion to dismiss, "[the] complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *See* Doc. 25 at 7 (citing *Lifetime Indus.*, 869 F.3d at 1379); Doc. 30 at 4. The only question is whether Marmon met that burden. Duke contends that the Complaint relies on conclusory statements to allege specific intent and knowledge of infringement. Doc. 25 at 8–9. Marmon argues that Duke advances "an overly demanding [pleading] standard" that has been rejected by the Federal Circuit and asserts that its "allegations are sufficient to create a reasonable and plausible inference that Duke induced infringement of the asserted patents." Doc. 30 at 4–8. The Court agrees with Duke that the induced infringement claims cannot withstand a motion to dismiss because Marmon has not pled facts that give rise to a plausible inference that Duke had prior knowledge of the relevant patents.

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). And as noted above, for an induced infringement claim to survive a motion to dismiss, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement.'" *Lifetime Indus.*, 869 F.3d at 1379 (alterations omitted). "Induced infringement requires proof of two types of knowledge by the alleged inducer: knowledge of the patent in question and knowledge that the induced acts infringe the patent." *Caterpillar Prodotti Stradali S.R.L. v. Int'l Trade Comm'n*, 847 F. App'x 893, 898 (Fed. Cir. 2021). "[D]irect evidence of knowledge is not required to support a finding of inducement." *Oxygenator Water Techs. v. Tennant Co.*, 2020 WL 4572062, at *4 (D. Minn. Aug. 7, 2020) (citations omitted). But "[m]erely pleading facts that are consistent with liability or stating legal conclusions is not sufficient." *Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018).

Each count of utility patent infringement (Counts I–VII) advances the same basic allegations related to knowledge of the relevant utility patent.[3] *See* Doc. 1 ¶¶ 75–148. The Complaint states that "Duke has actively induced infringement, and is currently actively inducing infringement" of the utility patents "by promoting, advertising, instructing, facilitating, and supporting others, without license or authority, to make, use, sell, offer for sale, and/or import into the United States the HS2 and ReadyFlex holding bin products" in a "willful, deliberate and intentional" manner. *See, e.g.*, *id.* ¶¶ 75, 82. Additionally, the Complaint states, upon information and belief, that Duke was aware of the utility patents and "that making, using, selling, offering for sale, and/or importing into the United States the HS2 and ReadyFlex holding bin products" infringes on those utility patents. *See, e.g.*, *id.* ¶¶ 78–79. Marmon further alleges, upon information and belief, that Duke "specifically intended and intends to induce infringement" and "knew and knows it induced acts that constitute infringement" of the offending patent. *See, e.g.*, *id.* ¶ 80. Finally, the Complaint notes that Marmon and Duke sell the same category of products to at least one shared customer (Burger King), *id.* ¶¶ 36–38, characterizes Duke's HS2 holding bin as a "copy cat" of Marmon's EHB holding bin, *id.* ¶ 45, and alleges that the HS2 holding bin was introduced and sold to Burger King and its parent company after Marmon gained market share with its EHB product, *id.* ¶¶ 45–46.

Even after accepting these allegations as true and drawing all reasonable inferences in its favor, Marmon has failed to show that Duke had knowledge of its patents.[4] Marmon's only direct allegation of knowledge must be rejected. It claims that, "[o]n information and belief, [Duke] is

---

[3] Duke also references allegations from Counts VIII and IX. *See* Doc. 25 at 8 (citing Doc. 1 ¶¶ 152–53, 155, 159–60, 162). But the Complaint does not allege that Duke violated 35 U.S.C. § 271(b) as to the design patents. *See* Doc. 30 at 3.

[4] Marmon contends that Duke's "knowledge of the asserted patents and alleged infringement is established . . . as of . . . the filing date of the Complaint." Doc. 30 at 6–7 (citing *Regents of Univ. of Minnesota v. AT & T Mobility*, 135 F. Supp. 3d 1000, 1012 (D. Minn. 2015)). While it is true that knowledge of particular patents can be established from receipt of a complaint that alleges infringement of those patents, that allegation is not found in Marmon's operative complaint. *See Regents of Univ. of Minnesota,* 135 F. Supp. 3d at 1012 (permitting "knowledge allegation based on the filing of a complaint" specifically alleged in an amended complaint).

aware of the [patents]," *see, e.g.*, *id.* ¶ 78, but that allegation is conclusory because it lacks accompanying explanation or detail, *see, e.g.*, *Addiction & Detoxification Inst. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (rejecting similar allegations as conclusory); *Power Analytics Corp. v. Operation Tech.*, 820 F. App'x 1005, 1020 (Fed. Cir. 2020) (finding an information-and-belief allegation conclusory where "[t]he complaint offers no further explanation or detail as to what 'information and belief' supports [the] allegation"); *see also Emerson Electric Co. v. Suzhou Cleva Electric Appliance Co.*, No. 4:13 CV-1043-SPM, 2014 WL 2481135, at *3 (E.D. Mo. June 3, 2014) (dismissing claim based on "wholly conclusory" allegations and emphasizing that the complaint "does not even allege facts suggesting that Defendants were aware of the existence of the patents at issue"). Turning to inferences, Marmon stresses that it competes with Duke "in the market for the accused products, at least with respect to their common customer Burger King" and that Duke copied its technology. Doc. 30 at 4. While these allegations allow for a chain of inferences that gets closer to pleading knowledge, Marmon still falls short because it remains unclear that Duke was subjectively aware of the patents and how it gained that knowledge.

Marmon also argues that analogous precedent dictates that it adequately alleged Duke's knowledge of the patents. *Id.* at 5–6. But those cases are distinguishable because the pleadings included additional details beyond a mere conclusory allegation. For example, Marmon cites *Cortec Corp. v. Corpac GmbH* for the proposition that a "business relationship supports inference of awareness of patent." Doc. 30 at 6 (citing 2023 WL 171791, at *12 (D. Minn. Jan. 12, 2023)). But the complaint in that case details a much deeper business relationship than alleged in the instant Complaint—including that the defendant "buys, repackages, and sells [the plaintiff's] products allegedly covered by the asserted patents under the parties' Distribution Agreement." *Cortec Corp.*, 2023 WL 171791, at *12. Likewise, in *Lifetime Industries*, the complaint alleges that two

individuals who participated in the design of plaintiff's patent-protected technology came to work for defendant shortly before the alleged infringement. 869 F.3d at 1375, 1380. And for *In re Bill of Lading Transmission & Processing System Patent Litigation*, the operative complaints alleged knowledge of patents based on a cease-and-desist letter and the filing of a prior complaint—allegations that are absent here. *See* 681 F.3d 1323, 1341–46 (Fed. Cir. 2012).

Finally, Marmon suggests that the Court should take judicial notice of "Duke's awareness of the asserted patent families . . . from the PTO's public patent prosecution file" for one of Duke's patents. Doc. 30 at 6. While Marmon is correct that these files are judicially noticeable, *see Data Engine Techns. v. Google*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018), the Court is not convinced that these filings alone permit a reasonable inference that Duke would review and gain knowledge about each of the hundreds of patents listed in those filings, *see MasterMine Software v. Microsoft Corp.*, 2014 WL 12600276, at *2 (D. Minn. Mar. 12, 2014) (finding knowledge of patents established where "the parent patent was cited to [d]efendant by a patent examiner" and the defendant cited the "parent patent [] in its own patent applications"); *see also Oxygenator Water Techs.*, 2020 WL 4572062, at *5 (same where defendant "referenced a parent patent to the patents in suit" and would be expected "to monitor plaintiff's portfolio to avoid a risk of infringement").

As Marmon has failed to establish Duke's knowledge of the patents at issue, its induced infringement claims cannot survive. Significantly, the parties agree that knowledge of the patents is also an element of Marmon's contributory infringement claims, *see* Doc. 30 at 10 (citing *AlexSam*, 119 F.4th at 47); Doc. 25 at 10–11, and willful infringement claims, *see Id.* at 11 (citing *Midwest Energy Emissions Corp. v. Berkshire Hathaway Energy Co.*, 762 F. Supp. 3d 788, 817–18 (S.D. Iowa 2025)); Doc. 30 at 12. Because Marmon relies on similarly conclusory allegations to establish knowledge, *see, e.g.*, Doc. 1 ¶¶ 76–78, 152–153, these claims fail for similar reasons,

*see Bio-Rad Lab'ys v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335–36 (Fed. Cir. 2021) (reviewing the knowledge element of induced and contributory infringement at the same time). Accordingly, the Court dismisses the induced, contributory, and willful infringement claims without prejudice.[5]

## II. Design Patent Infringement Under 35 U.S.C. §§ 271(a) and 289

Duke also contends that Marmon's design infringement claims fail because it cannot benefit from priority on the relevant patents until March 2020, meaning that "no reasonable fact finder could find that Marmon's asserted design patents are valid over Duke's HS2 product."[6] Doc. 25 at 12–13. Marmon counters that Duke's "complex and fact-intensive" priority and invalidity arguments are not properly considered on a motion to dismiss. Doc. 30 at 13–17. While Marmon likely overstates the impossibility of dismissal based on invalidity, the Court agrees that the design infringement claims are not facially implausible based on the well-pleaded facts in the Complaint.

"To be entitled to a parent's effective filing date, a continuation must comply with the written description requirement of 35 U.S.C. § 112." *In re Owens*, 710 F.3d 1362, 1366 (Fed. Cir. 2013). "The test for sufficiency of the written description, which is the same for either a design or a utility patent, has been expressed as 'whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'" *Id.* (citation omitted). "When the underlying facts are

---

[5] Marmon also seeks leave to amend its Complaint "if the Court grants Duke's motion in whole or in part." Doc. 30 at 27. But that conditional request does not comply with the Local Rules. *See* E.D. MO. L.R. 4.07 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed."); *see also King v. United Parcel Serv.*, 152 F.4th 915, 923 (8th Cir. 2025) ("The general rule is that a district court can deny leave to amend when a plaintiff does not submit a motion and does not offer a proposed amended complaint."). That said, this order in no way precludes Marmon from renewing its request in a proper motion.

[6] Duke asked for oral argument on this issue because its "arguments relating to the priority benefit issues . . . are more easily conveyed to the Court at a hearing including review of high resolution images and comparison of the images." Doc. 26 at 1. If anything, this request underscores the complex questions of fact underlying these counts. *See* Doc. 31. In any event, because the Court finds oral argument unnecessary to determine whether Marmon has stated a facially plausible design patent infringement claim, it denies this request.

undisputed, priority date determination is purely a legal question." *Nat. Alternatives Int'l v. Iancu*, 904 F.3d 1375, 1379 (Fed. Cir. 2018).

Here, dismissal is not warranted because the facts regarding priority are disputed and Marmon's design infringement claims are not facially implausible. Duke argues that, by way of judicial notice, the Court can conclude that "[n]o reasonable factfinder would find the drawings in the parent applications show possession of the specific designs in the asserted design patents." Doc. 32 at 11; *see* Doc. 25 at 1–3, 20, 25. For its part, Marmon argues it has "[made] plausible claims of infringement of the two design patents" because the PTO examiner has rejected Duke's priority and new matter arguments. Doc. 30 at 17–19. While Duke is correct that patent examiners are not "all-knowing and infallible" and that "an examiner's priority decision is not conclusive or binding on a court," Doc. 32 at 7, it misses the point of Marmon's argument. Whether the PTO examiner was correct is not the relevant question—what currently matters is whether Marmon has stated a facially plausible infringement claim. *See* Doc. 30 at 19. While it is possible the PTO examiner erred, her determination all but establishes that it is at least facially plausible that Marmon can benefit from priority on its parent applications. And while this Court will not determine the issue of priority at this time, the parties' merits arguments confirm that Marmon's design infringement allegations are not categorically implausible on the face of the Complaint. *See* Doc. 25 at 15–29; Doc. 30 at 19–25. Thus, the Court denies Duke's motion to dismiss the design infringement claims.

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Duke Manufacturing's [24] Motion to Partially Dismiss the Complaint. Specifically, the Court dismisses

without prejudice the induced, contributory, and willful infringement claims but denies dismissal as to the design patent infringement claims.

So ordered this 3rd day of September 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE